# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No: 8:07-cr-9-T-27TGW

DAVID EMANUL JONES
_____/

## ORDER

**BEFORE THE COURT** is Defendant Jones' "Motion for Compassionate Release and Motion for Appointment of Counsel." (Dkt. 320). No response is necessary. Upon consideration, Jones' motions are **DENIED**.

Jones stands convicted of conspiracy to commit Hobbs Act robbery (Count One), Hobbs Act robbery (Count Two), aiding and abetting a codefendant who used a firearm during the crimes of violence charged in Counts One and Two, resulting in a murder (Count Three), conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine (Counts Four and Five), possession with intent to distribute marijuana (Count Six), aiding and abetting a codefendant who used a firearm during the drug trafficking crimes charged in Counts Four, Five, and Six, resulting in a murder (Count Seven), and possession of a firearm as a felon (Count Nine). (Dkt. 141 at 1); (Dkt. 14). He was sentenced to a total of 65 years in prison. (Dkt. 141 at 2). He filed a prior motion for compassionate release, which was denied. (Dkts. 308, 309).

Jones now seeks compassionate release based on what he contends are "extraordinary and compelling reasons." (Dkt. 320). Specifically, he requests correction of his "now outdated draconian 924(c) 'stacking' convictions and sentences" and asserts that if he were "resentenced under federal law today, he would not be serving a sentence that amounts to . . . a life sentence."

(Id. at 1). He further asserts that his purported "sentencing disparity" and "profound rehabilitation" constitute an extraordinary and compelling circumstance. (Id. at 4). And he asserts that he "tested positive for COVID-19" on January 9, 2021, and has "since experienced shortness of breath[ and] fatigue." (Id. at 5-6). However, his assertions do not entitle him to compassionate release.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Jones has provided documentation reflecting that 30 days have elapsed since the warden received his request to bring a motion for compassionate release. *See* (Dkt. 320-1 at 1). However, he has not shown an "extraordinary and compelling reason" warranting compassionate release.

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Jones fall within these circumstances. First, his challenges to his sentence do not constitute extraordinary and compelling circumstances. *See United States*

*v. Abreu*, 840 F. App'x 457, 461 (11th Cir. 2020) (finding that "§ 3582(c) does not grant the district court jurisdiction to consider extraneous resentencing issues, which a claimant must instead present as a collateral attack on his sentence under 28 U.S.C. § 2255"); *United States v. Plowright*, No. CR 107-167, 2020 WL 3316989, at *2 (S.D. Ga. June 18, 2020) (rejecting challenge to "stacked sentence" as basis for compassionate release). Second, while his rehabilitation efforts are admirable, (Dkt. 320 at 5), rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t).

Moreover, although Jones asserts that since he "tested positive for COVID-19" he has experienced "shortness of breath[ and] fatigue," he fails to provide documentation demonstrating that he suffers from a terminal illness or that his conditions substantially diminish his ability to provide self-care.[1] *See* (Dkt. 320 at 5-6); U.S.S.G. § 1B1.13, cmt. n.1. Additionally, he does not qualify under the age-based criteria, and he has not presented family circumstances to justify compassionate release. Last, his circumstances do not warrant a sentence reduction under application note (D), especially when considering the factors listed in the BOP's Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last accessed May 24, 2021).

In sum, Jones' reasons are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13 and are, therefore, not consistent with the policy statement in § 1B1.13. To the extent he contends that he has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13, the Eleventh Circuit Court of Appeals

---

[1] He further asserts that the BOP "has proven itself unable to manage COVID-19 in its institutions. The rate of infection within the BOP far exceeds the rate of infection in the general population of the United States." (Dkt. 320 at 6). However, courts in this Circuit, with which I agree, have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020).

has rejected that contention. *United States v. Bryant*, No. 19-14267, 2021 WL 1827158, at *2 (11th Cir. May 7, 2021) (concluding that "1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence"); *see* (Dkt. 320 at 3). In any event, even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Jones has not established a basis to warrant compassionate release. And even if extraordinary and compelling reasons exist, the § 3553(a) factors do not weigh in favor of his release.[2]

In summary, Jones has not demonstrated that compassionate release is warranted. Accordingly, his motions for compassionate release and to appoint counsel are **DENIED**. (Dkt. 320).

**DONE AND ORDERED** this 25th day of May, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[2] These factors aid the court in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 181-82 (11th Cir. 2019) (citation omitted). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809, 812 (11th Cir. 2020) (citations omitted). The circumstances of Jones' offense do not weigh in favor of release. He stands convicted of, among other offenses, Hobbs Act robbery and aiding and abetting a codefendant who used a firearm, resulting in a murder. (Dkt. 141 at 1). Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or adequately deter criminal conduct in the future.